*375 OPINION of the Court,, by
Ch. J. Boyle.
— This ⅛ gn appeal from a judgment of the Jefferson circuit *376 court rendered against the appellant in an action brought bv liknas assignee of a sheriff, on a bond given by the appUffeesfor keeping the prison bounds.
The only question vve deem material to notice in de~ cj¿'in„ this cause is, can the sheriff, after he has committed to the jailer a prisoner arrested under a cct. sa. take from him a bond for the prison rules ?
^ *s ev‘dent ⅛⅜ pqsver of a sheriff under such a pro-cess does not become entirely extinct upon the commit* ment of the debtor. The prisoner has a right at any t'me t0 ^1⅛ discharge from confinement, Upon payment of the debt and cbsts, or on tendering the value thereof in slaves or personal property. That tender must however be made to the sheriff: for it is clear the plaintiff in the execution cannot be compelled to receive property in discharge of his debtand according to the decision of this court in the case of Wallace and Picket, (ante 199) the jailer has no right to receive the money, and consequently has no authority to ffeceive property for the purpose of making the money. The sheriff, therefore, must be considered as retaining authority, eveh after commitment, to receive the money, or in case of a tender receive the property and discharge the prisoner from confinement. If then the sheriff retains authority to receive the money and discharge the prisoner, it follows he may release him from close confinement ; and consequently, for his own justificatiba he may take the bond for the keeping of the prison rules. The exercise qf this power by the sheriff can in practice produce no /plrt^udicial consequences. The jailer can sustain tío in-j^ry thereby, because the sheriff’s discharge will be his justification. The plaintiff in the execution cannot be -^njuted, because he has the benefit of the bond as well aá th» responsibility of the sheriff fora faithful perform anee of his office. And the sheriff cannot be in-Jttted; as he need not, without sufficient security, per-jo*k the debtor the benefit of the prison rules. A contrary construction would be, however, in violation to the general, if not universal practice of the country, and not so consonant to general principles of law.
We are therefore of opinion that the judgment of the court below in overruling the appellant’s demurrer to thif appellees’ plea is erroneous.
Judgment reversed and cause remanded for farther proceedings.